# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEVIN A. BRANDT,**

**Plaintiff,**

**v.**

**TURBINE ENGINE SPECIALISTS,
INC. and MOE HATAMI,**

**Defendants.**　　　　　　　　　　　　　　**No. 08-CV-0026-DRH**

## O R D E R

**HERNDON, Chief Judge:**

On December 4, 2007, Plaintiff filed a Complaint against Defendants in the Circuit Court of Madison County, Illinois. On December 12, 2007, copies of the Complaint, along with summonses, were personally served upon Defendants. On January 11, 2008, Defendants paid a filing fee and opened a case in this Court. (Doc. 1.) On January 17, 2008, Defendants filed a Notice of Removal in this case. (Doc. 3.)

Now before the Court is Plaintiff's motion to remand, or in the alternative, to strike Defendants' Rule 12 motions. (Doc. 20.) Plaintiff's motion argues that Defendants' Notice of Removal was untimely and, therefore, this matter should be remanded. As of this date, Defendants have not filed a response to the motion. The time to file a response has expired. Pursuant to **LOCAL RULE 7.1(c)**, the Court considers this failure to respond an admission of the merits of the motion.[1]

---

[1] "Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." **LOCAL RULE 7.1(c)**.

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. *See* **28 U.S.C. § 1441;** ***Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)**.[2] Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**. The burden of establishing jurisdiction in the federal courts falls on the party seeking removal. ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

In removing an action a defendant must also comply with the procedures outlined in **28 U.S.C. § 1446**. In particular, the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." **28 U.S.C. § 1446(b)**.

It is undisputed that Defendants were served a copy of the Complaint and summonses on December 12, 2007. Under **28 U.S.C. § 1446(b)**, Defendants had until January 11, 2008 to file their Notice of Removal. Although Defendants opened a case with this Court on January 11, 2008, they did not actually file their

---

[2] In pertinent part, **28 U.S.C. § 1441** states:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . . .

Notice of Removal until January 17, 2008 – six days after the time allowed for removal under **28 U.S.C. § 1446(b)**. Defendants' Notice of Removal was untimely and Defendants. Therefore, the Court **GRANTS** Plaintiff's motion to remand (Doc. 21) and **REMANDS** this matter to the Circuit Court of Madison County, Illinois. Further, the Court **DIRECTS** the Clerk of the Court to transmit the complete file to the Clerk of the Madison County Circuit Court no sooner than April 25, 2008 and thereafter to close this Court's file.

    **IT IS SO ORDERED.**

    Signed this 15th day of April, 2008.

/s/       David R Herndon
**Chief Judge**
**United States District Court**