IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**KEVIN A. BRANDT,**

**Plaintiff,**

v.

**TURBINE ENGINE SPECIALISTS,
INC. and MOE HATAMI,**

**Defendants.**                                            No. 08-CV-0026-DRH


## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

This matter comes before the Court on a motion filed by Defendants entitled "motion for relief from order FRCP Rule 60." (Doc. 35.) On April 15, 2008, the Court granted Plaintiff's motion to remand on the grounds that Defendants' Notice of Removal was untimely. (Doc. 33.) Although Defendants failed to file **any** response to Plaintiff's motion to remand, Defendants' Rule 60 motion now argues that the Notice of Removal was, in fact, filed in a timely manner. The Court disagrees and denies Defendants' Rule 60 motion for the following reasons.

### II. ANALYSIS

**A. Legal Standard**

1

Motions to reconsider orders "are left subject to the complete power of the court rendering them," should be granted "as justice requires," **FED. R. CIV. P. 60 advisory committee's notes**, and must be "consonant with equity." *John Simmons Co. v. Grier Brothers*, **258 U.S. 82, 90-91 (1922)**. *See also* **12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60App.108[2] (3d ed. 2004)**. Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, **90 F.3d 1264, 1269 (7th Cir. 1996)** (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, **561 F. Supp. 656, 665 (N.D. Ill. 1982)**, *aff'd*, **736 F.2d 388 (7th Cir. 1984))**. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, **90 F.3d at 1270**.

**B. Discussion**

Defendants argue that they are entitled to relief from the Court's Order granting the motion to remand (Doc. 33) because the Order was based on a clerical mistake or alternatively that cause exists for relief from the Order based on mistake, inadvertence or excusable neglect. Defendants maintain that the "filing error is not of counsels making." (Doc. 35, p. 3.) Defendants, however, are incorrect. They are wholly responsible for the late filing as detailed below.

As described in the Order granting Plaintiff's motion to remand, the

2

procedural background in this case is as follows: On December 4, 2007, Plaintiff filed a Complaint against Defendants in the Circuit Court of Madison County, Illinois. On December 12, 2007, copies of the Complaint, along with summonses, were personally served upon Defendants. **28 U.S.C. § 1446(b)** provides that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Based on the thirty-day filing requirement, Defendants had until January 15, 2008 to file a notice of removal.[1]

On January 11, 2008, Defendants paid a filing fee and opened the shell of a case with the Clerk's office. (Doc. 1.) Defendants erroneously maintain in their motion that the notice of removal was "file stamped." While it is true that Defendants submitted their notice of removal along with the other paperwork when they opened the case, the notice of removal was stamped **"RECEIVED"** not **"FILED."** There is an extremely important difference. Except in the case of *pro se* parties, all documents must be electronically filed and "a document filed electronically is deemed filed at the date and time stated on the 'Notice of Electronic Filing' from the Court." **See Southern District of Illinois Electronic Filing Rule 3**. Additionally,

---

[1] Defendants had 30 days plus 3 days to file the notice of removal. **See F.R.C.P. 6(d)**. However, the last day of that period fell on January 14, 2008 - Martin Luther King, Jr.'s Birthday - and therefore, in calculating the deadline, the Court excludes that day. **See F.R.C.P. 6(a)(3)** in conjunction with **6(a)(4)(A)**. Thus, the deadline was pushed back one day and expired on January 15, 2008.

3

the Clerk's Office attaches a notice to all new cases that reads: "Documents are to be electronically filed by the attorney. Documents are to be electronically filed in this order: . . . **Notice of Removal** with **Complaint, Service of Process, Pleadings and Orders** originally filed in state court and **civil cover shett** as **attachments** to the entry (See 28 § 1446 and Rule 7(a) of FRCivP). The Notice of Removal event is located under the heading of 'Notices'." If Defendants had taken the time to read the electronic filing rules, the notice, or even the "RECEIVED" stamped on the final page of the Notice of Removal, they would have realized that they had to electronically file the Notice of Removal. At some point, someone did realize this because Defendants did finally electronically file the Notice of Removal on January 17, 2008. Unfortunately, this was a day too late.

As an aside, the Court is also, quite frankly, surprised by Defendants' boldness in requesting that the Court reconsider its remand order when Defendants did not even bother responding to the initial motion. It would be one thing to file a motion to reconsider had Defendants actually filed a response to Plaintiff's motion to remand. But they did not. Not a word. And under the local rules, as the Court noted in its previous remand order, a party's failure to respond to a motion may, in the court's discretion, be considered an admission of the merits of the motion. ***See SDIL-LR 7.1(c).*** The only explanation offered by counsel for Defendants for his failure to respond was that he did not realize that the notice of removal was not amongst the electronic filings and therefore "believed that there was no need to address the untimeliness contention of Plaintiff counsel due to the obvious timely

4

filing stamped Notice of Removal of Defendants." (Doc. 35, p. 2.) It is counsel's duty to respond to motions, regardless of whether they seem obviously incorrect, and to provide the Court with all of the facts and arguments necessary to make a just and reasonable decision. Had Defendants filed a response initially, the Court could have efficiently addressed the motion in one order.

Finally, Plaintiff has filed a motion to strike Defendants' Motion for Relief because Defendants once again filed a document containing the first five digits of Plaintiff's social security number in violation of **SDIL-LR 5.1(d)(i).** These numbers should have been redacted as the Court previously ordered Defendants to do. (Doc. 28.) In that Order, the Court advised Defendants that the document violated the Court's privacy policy and directed Defendants' counsel to review the Court's privacy policy set forth in Local Rule 5.1(d). (Doc. 28.) Nevertheless, Defendants have violated the policy again. In addition, **CM/ECF User's Manual Section 4.0** states: "Filers must not attach any pleading or other paper already on file with the court. Merely refer to that document number." Defendants should have simply referred to the redacted Notice of Removal (Doc. 29) rather than attaching the non-redacted notice again. If counsel wish to practice law in this district they should avail themselves of the rules and endeavor to adhere to them and, at the very least, when they make a mistake own up to the mistake rather than attempt to shift blame to someone who is undeserving.

### III. Conclusion

In light of the foregoing, the Court **DENIES** Defendants' motion to set

aside the remand order. (Doc. 35) In addition, the Court will direct the Clerk's Office to delete attachment A. Plaintiff's motion to strike, therefore, is **MOOT**. (Doc. 38.) The Clerk is directed to remand this matter to the Madison County Circuit Court and to close this file.

**IT IS SO ORDERED.**

Signed this 1st day of May, 2008.

/s/    David R Herndon

**Chief Judge
United States District Court**